UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

JOHN MEGGS and ACCESS 4 ALL
INCORPORATED,

    Plaintiffs,

    v.

BREIT FALCON PROPERTY OWNER
LLC and BREIT FALCON TRS LLC
D/B/A RESIDENCE INN BY MARRIOTT
COLORADO SPRINGS NORTH AIR FORCE
ACADEMY,

    Defendants.
_____/

**COMPLAINT**

Plaintiffs, JOHN MEGGS and ACCESS 4 ALL INCORPORATED, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, BREIT FALCON PROPERTY OWNER LLC and BREIT FALCON TRS LLC D/B/A RESIDENCE INN BY MARRIOTT COLORADO SPRINGS NORTH AIR FORCE ACADEMY (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

1

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4.  Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between California and Colorado, and is otherwise *sui juris*.

5.  Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.  At all times material, Defendant, BREIT FALCON PROPERTY OWNER LLC, was and is a Foreign limited liability company, organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

7.  At all times material, Defendant, BREIT FALCON PROPERTY OWNER LLC, owned and operated hotel at 9805 Federal Dr, Colorado Springs, Colorado 80918 (hereinafter the "Commercial Property").

8.  At all times material, Defendant, BREIT FALCON TRS LLC, was and is a is a Foreign limited liability company, organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

9.  At all times material, Defendant, BREIT FALCON TRS LLC, owned and operated a commercial hotel at 9805 Federal Dr, Colorado Springs, Colorado 80918 (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "RESIDENCE INN BY MARRIOTT COLORADO SPRINGS NORTH AIR FORCE ACADEMY."

10. Venue is properly located in the District of Colorado because Defendants'

Commercial Property and business are located in Colorado Springs, Colorado, Defendants regularly conduct business within Colorado Springs, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

## FACTUAL ALLEGATIONS

11. Although nearly thirty years (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate. Plaintiff is also a member of ACCESS 4 ALL INCORPORATED group, discussed in more detail below.

15. Defendants, BREIT FALCON PROPERTY OWNER LLC and BREIT FALCON TRS LLC, own, operate and oversee the Commercial Property, its general parking lot and parking spots specific to the businesses therein, and they own, operate and oversee said Commercial Property located in Colorado Springs, Colorado, that is the subject of this Action. As landlord and owner of

the property, Defendant, BREIT FALCON PROPERTY OWNER LLC, is jointly and severally liable for all the ADA violations found on its Commercial Property.

16. The subject Commercial Property is open to the public and is located in Colorado Springs, Colorado. The individual Plaintiff has visited the Commercial Property, to include a visit to the property on or about July 28, 2022 through July 29, 2022, when he was visiting to conduct an ACCESS 4 ALL INCORPORATED meeting, encountering multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, when he returns to Denver for more ACCESS 4 ALL INCORPORATED business and meetings and especially if the property/business become accessible.

17. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer. He attended a quarterly meeting for members of the ACCESS 4 ALL INCORPORATED organization, as a member and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.  Plaintiff spends much of his time in and near Denver, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes, and intends to return to the property within three (3) months' time of the filing of the Complaint as he regularly conducts business in Colorado involving ACCESS 4 ALL INCORPORATED.

18. ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are

representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. JOHN MEGGS, has also been discriminated against because of its association with its disabled members and their claims.

19. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

20. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

21. Defendants, BREIT FALCON PROPERTY OWNER LLC and BREIT FALCON TRS LLC, own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, BREIT FALCON PROPERTY OWNER LLC and BREIT FALCON TRS LLC, are responsible for complying with the obligations of the ADA.

22. Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and business therein, including but not limited to Pints Tavern and Arabian Nights Cafe, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and businesses therein, including but not limited to Pints Tavern and Arabian Nights Cafe, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## ADA VIOLATIONS

23. The Plaintiff adopts and re-alleges the allegations set forth in the paragraphs 1 through 22 above as though fully set forth herein.

24. Defendants, BREIT FALCON PROPERTY OWNER LLC and BREIT FALCON TRS LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

25. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000

or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property, include, but are not limited to, the following:

A. <u>Parking and Exterior Accessible Route</u>

i. Accessible spaces, specifically the side spaces, lack compliant aisles, they are 55" (< 60" wide) impeding John Meggs from unloading and violating the ADAAG and ADAS Section 502.

ii. Accessible spaces, specifically the front spaces, lack clear and level aisles, they have slopes or cross slope of 3% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

i. Accessible spaces, leading to the guest entrance, lack clear and level aisles, they have slopes or cross slope of 3% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

ii. Accessible routes, leading to the guest parking, at Residence Inn have 3.1% cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Accessible routes, in the parking area, at Residence Inn have 3.1% cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iv. Accessible routes, specifically the route to the street, at Residence Inn have 3.1% cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Ramps, specifically the route to the street, at Residence Inn lack compliant landings

       at top and bottom of each run (30" rise max) endangering John Meggs and violating the ADAAG and ADAS Section 405.

vi. Curb ramps, specifically the route to the street, at Residence Inn contain excessive slopes of > 10% (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

vii. Curb ramps, specifically ramps leading to the parking, at Residence Inn contain excessive slopes of > 11% (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

viii. Curb ramps at Residence Inn contain excessive cross slopes of > 5% (>2%) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

ix. Doors, in the guest entrance, of Residence Inn have inadequate maneuvering clearance of 10.4% slope (see chart) preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

x. Doors, in the guest entrance, of Residence Inn have inadequate maneuvering clearance of (see chart) preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

xi. Doors, in the guest entrance, of Residence Inn have inadequate maneuvering clearance of 9.2% (see chart) preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

C. Access to Goods and Services

i. Table knee and toe space is 0" , high (27" min) and deep (17" min), preventing use by John Meggs.

ii. Self-service condiment items are , (48" max), inaccessible to John Meggs, violating

    2010 ADAS Section 308.

D. <u>Accessible Guestrooms and Suites</u>

i. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF 58" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.

ii. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF 54" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.

iii. Accessible toilet in accessible guestroom bathroom centerline of < 16" (16"-18") from adjacent side wall, preventing John Meggs from safely using the grab bars.

iv. Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF , preventing safe use to John Meggs.

v. Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for John Meggs to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

vi. Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be operable from the folding shower seat or from the shower wheelchair.

vii. Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be operable from the folding shower seat or from the shower wheelchair.

viii. Kitchen/kitchenette at Residence Inn fails to comply with the ADAAG and Section 804 of the 2010 ADAS.

ix. Mirror bottom-reflecting surface at Residence Inn is > 40" AFF > 40" AFF max, violating the 2010 ADAS Section.

x. Mounted items at Residence Inn are above grab bar (12" min), preventing use by

(Plaintiff Name), violating Section of the 2010 ADAS.

xi. Toilet flush valve at Residence Inn not mounted on wide side, preventing use by John Meggs, violating Section 604 of the 2010 ADAS.

26. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

27. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and Defendants' businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to

participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

28. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. While Defendant, BREIT FALCON PROPERTY OWNER LLC, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

31. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly

situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate its businesses, located within the Commercial Property located in Colorado Springs, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility- impaired persons; or by closing the facility until such time as the Defendants cures its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 26, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO   80202
Telephone: (720) 996-3500
Facsimile: (720) 381-0515
Primary E-Mail:  ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By: */s/ Anthony J. Perez*
           ANTHONY J. PEREZ